1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW B. CRAMER,                        No.  2: 20-cv-0649 KJN P

12                Plaintiff,

13         v.                                   ORDER

14   A. HUBBARD, et al.,

15                Defendants.

16

17         Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983.  On March 26, 2020, this action was removed from the Sacramento County Superior

19   Court.  (ECF No. 1.)  Defendants request that the court screen the complaint.  (Id.)  Accordingly,

20   the undersigned herein screens the complaint.

21         The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

4    Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.

5    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

6    meritless legal theories or whose factual contentions are clearly baseless.");  <u>Franklin</u>, 745 F.2d at

7    1227.

8         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

11    <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

12    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

13    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

14    sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.

15    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

16    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson v.</u>

17    <u>Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal

18    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

19    true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

20    pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

21    (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

22         Named as defendants are A. Hubbard, D. Hamad, Jeff Lynch and Erika Jubb.  (ECF No. 1

23    at 5.)  Plaintiff alleges violations of the Eighth and Fourteenth Amendments.  (<u>Id.</u> at 7.)  Plaintiff

24    also alleges that he was subject to retaliation for complaints.  (<u>Id.</u>)  Plaintiff's complaint is

25    prepared on a state law complaint form.

26         After reviewing plaintiff's complaint, the undersigned cannot determine the grounds of

27    plaintiff's claims against the defendants.  Plaintiff does not clearly set forth the factual allegations

28    on which he bases his constitutional claims.  In other words, plaintiff does not clearly state how

1    each defendant allegedly violated his constitutional rights.  Plaintiff appears to rely on the

2    exhibits attached to his complaint to state his claims.  However, after reviewing the exhibits, the

3    undersigned cannot determine the claims plaintiff is making against each defendant.

4           The Civil Rights Act under which this action was filed provides as follows:

5                  Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the deprivation
6                  of any rights, privileges, or immunities secured by the Constitution .
                   . . shall be liable to the party injured in an action at law, suit in equity,
7                  or other proper proceeding for redress.

8    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

11   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

12   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

13   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

14   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

15   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

16   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

17   588 F.2d 740, 743 (9th Cir. 1978).

18          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

19   their employees under a theory of respondeat superior and, therefore, when a named defendant

20   holds a supervisorial position, the causal link between him and the claimed constitutional

21   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

22   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

23   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

24   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

25   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

26   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

27   participation is insufficient).

28   ////

1    Plaintiff's complaint is dismissed with leave to amend because plaintiff has not adequately

2  linked the defendants to the alleged deprivations.  Plaintiff also failed to allege the factual

3  grounds of his constitutional claims.

4    If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot

5  refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule

6  220 requires that an amended complaint be complete in itself without reference to any prior

7  pleading.  This requirement exists because, as a general rule, an amended complaint supersedes

8  the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir.

9  2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

10  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

11  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

12  original complaint, each claim and the involvement of each defendant must be sufficiently

13  alleged.

14    In accordance with the above, IT IS HEREBY ORDERED that:

15    1.  Plaintiff's complaint is dismissed.

16    2.  Within **sixty** days from the date of this order, plaintiff shall complete the attached

17  Notice of Amendment and submit the following documents to the court:

18        a.  The completed Notice of Amendment; and

19        b.  An original and one copy of the Amended Complaint.

20  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

21  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

22  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

23    Failure to file an amended complaint in accordance with this order may result in the

24  dismissal of this action.

25    3.  The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint

26  by a prisoner pursuant to 42 U.S.C. § 1983.

27  Dated:  May 5, 2020
   Cram649.14

28

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW B. CRAMER,

            Plaintiff,

    v.

A. HUBBARD, et al.,

            Defendants.

No.  2: 20-cv-0649 KJN P

<u>NOTICE OF AMENDMENT</u>

      Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

      _____         Amended Complaint

DATED:

                                   _____

                                   Plaintiff